1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO THEATRICAL PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCA P. VINCENT, an individual; JOHN L. VINCENT, an individual; CAROL KENNISTON, an individual; and ANNMARIE RIEBEL, an individual,<br><br>Defendants. | Case No.:  19cv364 JM(AGS)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR FEES AND COSTS** |

Presently before the court is Plaintiff, Board of Trustees of the San Diego Theatrical Pension Fund's ("Board of Trustees") Motion for Fees and Costs.  (Doc. No. 14.)  Upon consideration of the motion, the court grants the request.

**I.     Background**

On February 22, 2019, Plaintiff in Interpleader filed suit in this matter.  (Doc. No. 1., the "Compl.")  Board of Trustees administers the San Diego Theatrical Pension Trust Fund (the "Trust Fund") on behalf of a number of participants.  One participant, Michael John Vincent, who died on September 14, 2017, designated his mother, Ms. Francisca P.

Vincent as his beneficiary.  (*Id.* at ¶ 12.)  Based on the terms of the Pension Plan, Mr. Vincent's beneficiary was entitled to receive a pre-retirement death benefit equal to $23,440.75.  (*Id.* at ¶ 11.)

On September 14, 2017, the Administrative Office for the Trust Fund, sent a letter to Ms. Francisca Vincent with documentation informing her of the benefits she was entitled to under the terms of her son's Pension Plan.  (*Id.* at ¶ 13.)  Formal follow up letters were mailed on February 23, 2018 and March 23, 2018.  (*Id.*)  Subsequent telephone calls have been made to Ms. Vincent in an attempt to get her to complete the necessary paperwork so that she can receive her son's death benefits.  (*Id.* at ¶ 14.)

However, on January 2, 2018, Ms. Carol Kenniston, Ms. Vincent's daughter, informed the Trust Fund that her mother "has ripped up the insurance check and refuses to complete the pension paperwork.  She has told me she does not want his money at all or anything to do with his death benefits."  (*Id.* at ¶ 15.)  Additional communications with Ms. Kenniston illustrate that her mother maintains her position.

Under the terms of the Plan:

> If no Beneficiary is designated by a Participant or Pensioner, or if a designated Beneficiary predeceases the Participant or Pensioner, or survives him but dies prior to receipt of any benefits under this Article, the benefits provided under the Pension Plan to the beneficiary, if any, may be paid to the surviving person or persons in the first of the classes of beneficiaries in which a member survives the Participant: (1) Participant's Spouse; (2) Participant's children; (3) Participant's parents; (4) Participant's brothers and/or sisters

(*Id.* at ¶ 16)

Defendants Francisca Vincent and John Vincent are the decedent's/participant's parents and Carol Kenniston and AnnMarie Riebel are his siblings.

The Board of Trustees has received potential claims from more than one of the defendants but because of Ms. Vincent's refusal to either complete the paperwork necessary to receive the death benefits or to formally renounce her claim, the Board of Trustees is unable to distribute the benefits in accordance with the terms of the Plan.

The Board of Trustees prayed for the following judgment in the Complaint:

1. That Defendants in Interpleader be ordered to interplead and litigate their respective rights to the above-described funds;

2. That Plaintiff in Interpleader be discharged from any and all liability on account of the claims of each of the Defendants in Interpleader;

3. That Defendants in Interpleader, and each of the them, be restrained from instituting any action against Plaintiff in Interpleader on their respective claims;

4. That Plaintiff in Interpleader be awarded costs and reasonable attorney's fees as determined by the Court and to be paid to Plaintiff in Interpleader from the above-described funds hereafter deposited in accordance with the Court's instructions; and

5. For such other and further relief as the Court may deem appropriate.

(*Id*. at 5-6.)

Defendants were properly served with the summons and complaint. On February 22, 2019, a summons issued (Doc. No. 2), that was executed against Defendants Francisca Vincent and John Vincent on March 16, 2019. (Doc. Nos. 5, 6.) On March 28, 2019, Waivers of the Service of Summons were filed with the court that were executed by AnnMarie Riebel and Carol Kenniston on March 7, 2019. (Doc. Nos. 3, 4.)

On June 17, 2019, Mr. John Vincent filed an answer to the Complaint wherein he stated that he would "abide by the court's decision." (Doc. No. 7.)

On July 2, 2019, Board of Trustees requested the Clerk of Court enter default against Defendants Vincent, Riebel and Kenniston. (Doc. No. 9.) On July 8, 2019, the Clerk duly entered default against the three defendants. (Doc. No. 10.) On August 5, 2018, Board of Trustees filed the Motion for Default Judgment against Francisca Vincent, Annmarie Riebel, and Carol Kenniston. (Doc. No. 12.)

On November 21, 2019, the court granted the motion for default judgment, ordering that the Board of Trustees was discharged from any and all liability on account of the claims

///

///

of Ms. Vincent, Ms. Riebel and Ms. Kenniston.  (Doc. No. 13 at 7[1].)  Ms. Vincent, Ms. Riebel and Ms. Kenniston were restrained from instituting any action against Board of Trustees on their respective claims.  (*Id*.)  The court also ordered Plaintiff to deposit with the Court Clerk a check for $23,440.75, plus any applicable interest, representing the death benefit.  (*Id*.)  Plaintiff deposited the funds on December 6, 2019.

On December 9, 2019, Plaintiff filed its motion for fees and costs.  (Doc. No. 14.)  As of the date of this order, no opposition to the fee request has been filed.

## II.     Discussion

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action."  *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513, 516 (9th Cir. 1984) (citation omitted); *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962) (a party "should be awarded attorney fees for the services of his attorneys in interpleading.")  "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of Am.-Producer Pension Benefits Plans v. Tise,* 234 F.3d 415, 426 (9th Cir. 2000).  "As a general matter, a court will award fees from the proceeds whenever: '(1) the party seeking fees is a disinterested stakeholder; (2) who had conceded liability; (3) has deposited the funds into court; and (4) has sought a discharge from liability.'"  *Wells Fargo Bank, Nat'l Ass'n v. PACCAR Fin. Corp.,* No. 1-08-cv-00904-AWI-JMS, 2009 WL 211386, at *2 (Jan. 28, 2009) (quoting *Septembertide Publ'g v. Stein & Day, Inc*., 884 F.2d 675, 683 (2d. Cir. 1989).

It is clear to the court that Board of Trustees has no interest in the funds and that it has done nothing untoward.  The Board of Trustees has attempted to distribute the death benefits to the intended beneficiaries and then took the appropriate action by filing the complaint in interpleader.  Moreover, there has been no opposition filed by the only

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

defendant who has appeared in this matter.  Therefore, the court concludes that an award of attorney's fees is warranted.

The Board of Trustees engaged the law firm of Melissa W. Cook & Associates. Plaintiff's counsel, Jason J. Kennedy, declares that the law firm has performed 39.6 hours of work on this matter for a total fee of $11,915.00 fees but, given the small sum of money involved, "Plaintiff is willing to accept $5,000 in attorney's fees."  (Doc. No. 14-2 at ¶¶ 6,7.)  Plaintiff also seeks $757.57 in costs.  (*Id.* at ¶ 8.).  The court finds the request reasonable as the law firm was engaged to bring the interpleader action, conducted multiple telephone calls with relevant parties, including the insurance company and potential beneficiaries, drafted the complaint, and a review of the costs illustrates they are for effectuating service, filing the complaint, photocopies and postage.  (*See* Doc. No. 14-2 at 3-8.)  These types of fees and costs are compensable.  *See Trustees of Directors Guild of Am.–Producer Pension Benefits Plans*, 234 F.3d at 426 (compensable expenses include "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from action."). Accordingly, the court awards Plaintiff $5,756.57 in attorney's fees and costs.

Pursuant to 28 U.S.C. § 2361, in "any civil action of interpleader" a district court may discharge the plaintiff in interpleader from further liability, enjoin the parties from instituting further actions related to the stake, and make all other appropriate orders.  *See Sun Life Assurance Co of Can. v. Chan's Estate,* No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) ("If an interpleading plaintiff has no interest in the stake he should be dismissed") (quoting *Metro. Life Ins. Co. v. Foley*, 2002 WL 31399787 at *4 (E.D. La., Oct. 22, 2002)).  Here, since the Board of Trustees has no discernable interest in this litigation other than distributing the death benefits and has fulfilled this obligation by depositing the death benefits with the Clerk of Court, the court finds discharging the Board of Trustees from the case is appropriate without any further motion practice.  *See, e.g., OM Financial Life Ins. Co.v. Helton*, No CIV. 2:09-1989 WBS EFB, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010) (a disinterested stakeholder should be readily discharged from

further liability "absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader."); *Wells Fargo Bank, Nat'l Ass'n*, 2009 WL 211386, at \*2) ("[i]f an interpleading plaintiff has no interest in the stake, the plaintiff should be dismissed.")  The court also finds that the Board of Trustees brought this interpleader action solely to determine the proper parties to receive the death benefits and to avoid future claims and litigation.  Because the Board of Trustees is a disinterested stakeholder, the court enjoins the Board of Trustees from any future proceedings against it related to these claims.  *See Fid. & Guar. Life Ins. Co., v. Hollick,* Case No.: 17-cv-1108-AJB-WVG, 2018 WL 9563322, at \*3 (after finding plaintiff a disinterested stakeholder, the court enjoined plaintiff from any further proceedings related to the annuity claims.)

In accordance with the foregoing, Plaintiff's motion for fees and costs is GRANTED.  (Doc. No. 14.)  IT IS FURTHER ORDERED that Board of Trustees is dismissed and discharged from this action, enjoined from future suits related to this action, and is awarded $5,757.56 in attorney's fees and costs.  The Clerk of Court is directed to pay Board of Trustees' claim for $5,757.56, care of its counsel, as soon as is practicable.

The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  April 20, 2020

Hon. Jeffrey T. Miller
United States District Judge